WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

BOB GROSE,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDROP
CHARLES B. WALKER

January 23, 1939

Mr. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. 0-57
Re: Is a sheriff, paid on salary
basis, required to issue offi-
cial receipts provided for in
Art. 1010a, C. C. P.?

Your letter of January 6th, requesting an opin-
ion as to whether a sheriff on a salary basis should be
required to comply with the Acts of 1935, 44th Legislature,
ch. 188, p. 470, and provide official receipts when col-
lecting fines and fees in criminal cases, has been referred
to the writer for reply.

As pointed out by you, the statute requiring
official receipts to be issued by "fee officers", was
passed and became effective prior to the enactment of the
officer's salary law. At the time of the passage of chap-
ter 188, supra, sheriffs were paid compensation entirely
from fees. They now generally receive, and since January
1, 1936 have received, compensation in the form of salaries.

In the Missouri case of State v. Riedel, 46 S. W.
(2d) 131 at p. 133, appears a discussion of the term "fees"
which seems pertinent to the matter before us. Said the
court:

"The word 'fees', if used in its narrow dis-
tinctive sense, signifies the compensation for
particular acts or services rendered by county
officers in the line of their duties, to be paid
by the individuals obtaining the benefit of the
acts, or receiving the services, or at whose instance

they were performed. But a glance at the statutes in force at the time (Wagner's Statutes 1872), will show that in the main only state officers then received salaries within the strict meaning of that term. Practically all county officers (with whom alone the constitutional provision was dealing) were compensated by fees, but, when a limit was placed on the amount of fees an officer might retain, that maximum was regarded as his salary, and therefore, in a generic sense, the word 'fees' implied compensation or salary, since it was the source of these..........it was held the word 'fees' in its more comprehensive signification meant compensation........and there is authority for that view from other jurisdictions........."

In addition to the foregoing there is another reason why the provisions of the Official Receipt bill should continue applicable to sheriffs. Section 5 of the Officers Salary bill (art. 3912e, sec. 5) provides "it shall be the duty of <u>all</u> <u>officers</u> to <u>charge</u> and <u>collect</u> <u>in the manner authorized by law</u> all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them." As the Official Receipt bill was the law at the time this language was employed by the legislature, it seems clear all officers collecting fines and fees in criminal cases should continue to comply with art. 1010a, C. C. P., as it now stands.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Assistant

BW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS